UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

LOUIGISTE DAZIL

    Plaintiff,

v.

RANGER CONSTRUCTION INDUSTRIES, INC

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOUIGISTE DAZIL, by and through his undersigned counsel, sues the Defendant, RANGER CONSTRUCTION INDUSTRIES, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MR. DAZIL under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to him by the Defendant, RANGER CONSTRUCTION INDUSTRIES, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Palm Beach County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

1

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. As a 62 year old black man, originally born in Haiti, Plaintiff is a member of a protected class under the § 621, *et seq*, ("ADEA"), Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), because the terms, conditions, and privileges of his employment were altered because of his race, national origin, and age.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on August 24, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff as a screed operation on January 11, 1988. The Plaintiff stayed in this position until 1998. From 1998 to 2004, the Plaintiff was a foreman assistant. From 2004 to 2017, the Plaintiff was an asphalt paving foreman. From the beginning of 2018, up the Plaintiff's unlawful termination on July 20, 2018, he was an asphalt paving foreman and acting super intendent. It was clear from the Plaintiff's many promotions that he was an excellent employee.

12. As an asphalt paving foreman and acting super intendent, Plaintiff's primary duties and responsibilities included managing and supervising employees during paving projects.

13. Plaintiff was qualified for his position as asphalt paving foreman and acting super intendent based on his experience and training.

14. The Plaintiff's salary was at $1,500.00 per week.

15. In January 2018, the Defendant hired Donnie Campbell, a white 33-year-old man. Mike Hultman, manager, directed the Plaintiff to train Mr. Campbell to become a paving foreman. The Plaintiff trained Mr. Campbell until April 2018.

16. After completing his training of Mr. Campbell, the Plaintiff was assigned to train Glenn Serra, a 47 year old Hispanic-American. The Plaintiff trained Mr. Serra from April 30, 2018 through June 2018. Prior to his position, as a paving foreman, Mr. Serra was a service truck driver.

17. To the Plaintiff's surprise, on July 20, 2018, Monique, the Human Resources Manager. Mr. Hultman and Mr Timming, the Grading and Paving Division Manager, told the Plaintiff that his position was being eliminated and he was being terminated. This was despite the fact that Plaintiff had just trained the two paving foremen.

18. The Defendant kept Mr. Campbell and Mr. Serra in the asphalt paving foreman position. Neither Mr. Campbell nor Mr. Serra are black or foreign-born and both are younger than the Plaintiff.

19. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

20. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 19, inclusive, as though same were fully re-written here

21. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against and terminated on the basis of his race, black.

22. At all times relevant, Mr. Hultman, Mr Timming, and Monique were acting within the course and scope of their employment for Defendant.

23. Because Plaintiff is black, he was discriminated against by management and terminated and the Defendant refused to take any action to prevent the discrimination. Specifically, the Plaintiff was terminated due to his race and replaced by non-black employees.

24. Upon information and belief, white employees are not terminated due to their race.

25. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, LOUIGISTE DAZIL, being discriminated against

26. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

27. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, l injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

28. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 19, inclusive, as though same were fully re-written here.

29. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

30. Plaintiff is black and therefore a member of a protected class.

31. At all times relevant, Mr. Hultman, Mr Timming, and Monique were acting within the course and scope of their employment for Defendant.

32. Because Plaintiff is black, he was discriminated against by management and terminated and the Defendant refused to take any action to prevent the discrimination. Specifically, the Plaintiff was terminated due to his race and replaced by non-black employees.

33. Upon information and belief, white employees are not terminated due to their race.

34. At all relevant and material times, Defendant failed to comply with the FCRA.

35. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

36. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was black.

37. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

38. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

39. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FCRA with respect to its decision to terminate the Plaintiff.

40. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified termination against Plaintiff because he is black, in violation of the FCRA.

41. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

42. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his race. The discrimination on the basis of race constitutes unlawful discrimination.

43. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with FCRA; attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Discrimination on the Basis of National Origin)

44. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 19, inclusive, as though same were fully re-written here.

45. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of his national origin, Haiti.

46. At all times relevant, Mr. Hultman, Mr Timming, and Monique were acting within the course and scope of their employment for Defendant.

47. Because Plaintiff is from Haiti, he was discriminated against by management and terminated and the Defendant refused to take any action to prevent the discrimination. Specifically, the Plaintiff was terminated due to his national origin and replaced by non-Haitian employees.

48. Upon information and belief, American employees are not terminated due to their national origin.

49. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against, specifically terminated.

50. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

51. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of National Origin)**

52. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 19, inclusive, as though same were fully re-written here.

53. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

54. Plaintiff was born in Haiti, and therefore a member of a protected class.

55. At all times relevant, Mr. Hultman, Mr Timming, and Monique were acting within the course and scope of their employment for Defendant.

56. Because Plaintiff is from Haiti, he was discriminated against by management and terminated and the Defendant refused to take any action to prevent the discrimination. Specifically, the Plaintiff was terminated due to his national origin and replaced by non-Haitian employees.

57. Upon information and belief, American employees are not terminated due to their national origin.

58. At all relevant and material times, Defendant failed to comply with the FCRA.

59. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

60. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

61. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his national origin in violation of the FCRA with respect to its decision to terminate him.

62. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified termination against Plaintiff because he was born in Haiti, in violation of the FCRA.

63. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

64. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

65. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with FCRA; attorney's costs, fees, and such other relief as the Court deems just and appropriate.

### COUNT V: VIOLATION OF THE ADEA
**(Discrimination on the Basis of Age)**

66. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 19, inclusive, as though same were fully re-written here.

67. Because Plaintiff is an older man, he was discriminated against by the Defendant, and the Defendant refused to take any action to prevent the discrimination.

68. Because Plaintiff is an older man, he was discriminated against by management and terminated and the Defendant refused to take any action to prevent the discrimination. Specifically, the Plaintiff was terminated due to his age and replaced by younger employees.

69. Upon information and belief, young employees are not terminated due to their age.

70. Defendant had no good faith basis for discriminating against the Plaintiff by terminating him and replacing his position with younger employees. Defendant based its actions on Plaintiff's age, and Plaintiff is entitled to liquidated damages based on these actions.

WHEREFORE, Plaintiff prays that this Court issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA and provide any additional relief that this Court deems just.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Age)**

71. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 19, inclusive, as though same were fully re-written here.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

73. The discrimination to which Plaintiff was subjected was based on his age.

74. Because Plaintiff is an older man, he was discriminated against by the Defendant, and the Defendant refused to take any action to prevent the discrimination.

75. Because Plaintiff is an older man, he was discriminated against by management and terminated and the Defendant refused to take any action to prevent the discrimination. Specifically, the Plaintiff was terminated due to his age and replaced by younger employees.

76. Upon information and belief, young employees are not terminated due to their age.

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with FCRA; attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of November 2020.

By: /s/ *Michelle Cohen Levy*

Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff

13